| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

DORIS AUSTIN,

                      Plaintiff,

    – against –

GREYHOUND LINES, INC., et al.,

                      Defendants.

**MEMORANDUM & ORDER**

14-cv-5009-ERK-JMA

KORMAN, *J.*:

    In July 2014, plaintiff Doris Austin filed an action in New York State Supreme Court, Kings County, alleging that she sustained injuries resulting from an automotive collision. The plaintiff sued three groups of defendants, the Greyhound defendants, defendant Peter Pan, and the Albert's defendants. In August 2014, the Greyhound defendants removed the case. The plaintiff then filed a motion to remand. I deny the plaintiff's motion.

## BACKGROUND

    On December 26, 2013, plaintiff Doris Austin was a passenger on a Greyhound bus that collided with a truck operated by Albert's Transportation. (Compl., ECF No. 1-1, ¶ 61.) The collision occurred at the 39th Street entrance to the Lincoln Tunnel in Manhattan. (*Id.*) On July 18, 2014, the plaintiff sued six defendants in New York State Supreme Court, Kings County, alleging that she sustained injury resulting from the collision. (*Id.* at 1.) Specifically, the plaintiff sued three Greyhound defendants: Greyhound Lines, Inc. (as bus owner); Greyhound Bus Lines, Inc. (as bus owner); and Kenneth Murray (as bus driver) (collectively "Greyhound"). The plaintiff also sued Peter Pan Bus lines, Inc. (as bus owner) ("Peter Pam"). Lastly, the

plaintiff sued two Albert's defendants: Albert's Transportation, Inc. (as truck owner); and Michael Madden (as truck driver) (collectively "Albert's"). (*Id.* at ¶¶ 1-42.)

The plaintiff asserts that Greyhound received service of the plaintiff's summons and complaint on August 13, 2014, and that Albert's received service on August 16, 2014. (Pl.'s Mem. Supp. Remand, ECF No. 27, Ex. B; Pl.'s Reply Mem., ECF No. 29, ¶ 6.) I assume the truth of these assertions for present purposes. The plaintiff makes no assertions as to when Peter Pan received service, a fact which is ultimately irrelevant. (*See id.*) The plaintiff's summons and complaint did not include the dollar amount of damages that she sought. Rather, the complaint demanded relief for "those damages not recoverable through no-fault insurance." (Compl. at ¶ 73.)

The first of the defendants to appear was Greyhound. On August 20, 2014, Greyhound filed an answer to the plaintiff's complaint. (Albert's Aff. Opp'n Remand, ECF No. 26, ¶ 8.) On August 22, 2014, Greyhound then filed a notice of removal based on diversity of citizenship, 28 U.S.C. § 1332(a)(1). (*Id.*) In supporting jurisdiction on the basis of diversity, Greyhound's notice of removal alleged complete diversity between the plaintiff (a New York resident) and the six defendants (residents of Texas, New Jersey, and Pennsylvania). (Notice of Removal, ECF. No. 1, ¶¶ 4-9.) The notice of removal further alleged that the amount in controversy exceeds $75,000, stating that "[p]laintiff has advised via email that the ad damnum is $4,000,000." (*Id.* at ¶ 10.) Greyhound's notice of removal did not say whether Peter Pan or Albert's consented to removal. Indeed, all parties now agree that Greyhound did not obtain consent from the other defendants before removing. (*See* Greyhound Mem. Opp'n Remand, ECF No. 28 (Page ID #318).)

On September 19, 2014, the plaintiff filed a motion to remand, which conceded complete diversity and that its claim for damages exceed $75,000. (Ltr. re Mot. Remand, ECF No. 6, 1.) Nevertheless, the plaintiff argued that Greyhound's failure to obtain consent to removal from Peter Pan and Albert's compelled remand. (*Id.*) Albert's claims that it received the plaintiff's motion to remand on September 22, 2014, a fact that the plaintiff does not dispute. (*Id.*) Until then, Albert's argues that it was wholly unaware as to Greyhound's removal. (*Id.*)

On October 21, 2014, Greyhound and Albert's entered into a "stipulation of consent," pursuant to which Albert's consented to Greyhound's notice of removal from August 22, 2014. (*Id.*, Ex. I, at 2-3.) Greyhound and Albert's did not file this stipulation until October 29, 2014. (Ltr., ECF No. 21-1, 1.) On October 22, 2014, Albert's filed its own notice of removal in the Eastern District of New York. (*Id.*, Ex. H, at 1.) This notice of removal was assigned to Judge Cogan. On October 27, 2014, Judge Cogan declared Albert's notice of removal a "nullity," stating that Greyhound had already filed a notice of removal, thus removing the plaintiff's case from state court altogether. (*Id.*)

On November 11, 2014, the plaintiff refiled its motion to remand for reasons not relevant here. (Mot. Remand, ECF No. 25, 1.) The plaintiff again concedes diversity and the amount in controversy but nevertheless argues that Greyhound's removal was improper for failure to obtain consent from Peter Pan and Albert's. (Pl.'s Mem. Supp. Remand at Page ID #305.) The plaintiff further argues that any post-removal consent that Peter Pan or Albert's provided was untimely. (*Id.* at Page ID #312.)

Greyhound and Albert's have filed briefs opposing remand. Peter Pan has not appeared. Greyhound and Albert's argue that Peter Pan's consent is unnecessary because Peter Pan is a nominal party. (*See* Albert's Aff. Opp'n Remand at 9.) Moreover, while Greyhound and

Albert's concede that Greyhound did not obtain consent from Albert's at the time of removal on August 22, 2014, they argue that any lack of consent has been cured by Albert's October 22, 2014 notice of removal, which provided unambiguous consent to removal. (*See id.*, Ex. I.) They further argue that the October 22, 2014 notice of removal was timely considering that Albert's did not receive notice as to removability until September 22, 2014, the date on which Albert's received the plaintiff's motion to remand. (*Id.* at ¶¶ 9-10.)

## DISCUSSION

The removal statute, 28 U.S.C § 1441, governs the types of actions that defendants may remove from state to federal court. Section 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Section 1332(a)(1) in turn grants district courts original jurisdiction over actions in which the parties are citizens of different States and in which the amount in controversy exceeds $75,000. Because these two conditions have been concededly met here, subject-matter jurisdiction is proper. Thus, I proceed to discuss the specific objections to removal that the plaintiff raises. I deal first with the issue of Peter Pan's lack of consent and then with the slightly more nuanced issues relating to the consent of Albert's.

### I. *Peter Pan's Consent*

The plaintiff argues for remand because Greyhound never obtained Peter Pan's consent to removal. Greyhound and Albert's argue that Peter Pan is a nominal party and its consent is therefore unnecessary. Consent is governed by 28 U.S.C. Section 1446(b)(2)(A), which states that when removing based on Section 1441(a), "all defendants who have been properly joined and served [in the state court proceeding] must join in or consent to the removal of the action." *See also Chicago, Rock Island & Pac. R.R. Co. v. Martin,* 178 U.S. 245, 247-48 (1900); 14C

Wright & Miller, *Federal Practice and Procedure* § 3731, at 258 (3d ed. 1998). One exception to this rule exists for "nominal defendants." *Zerafa v. Montefiore Hosp. Housing C., Inc.*, 403 F. Supp. 2d 320, 328 (S.D.N.Y. 2005) (collecting cases). That is, nominal defendants need not consent to removal. A defendant is nominal where the plaintiff cannot state a cause of action against the defendant or where the defendant has no real or direct interest in the controversy. *Novovic v. Greyhound Lines, Inc.*, No. 08-cv-3190, 2008 WL 5000228, at *3 (E.D.N.Y. Nov. 19, 2008) (collecting cases).

Peter Pan is a nominal party and Greyhound did not need to obtain Peter Pan's consent before removing. While the plaintiff's complaint alleges that Peter Pan owned the bus carrying the plaintiff on December 26, 2013, (Compl. at ¶ 14), there appears to be no documentation supporting this. Greyhound and Albert's point to a crash report that the Port Authority issued on the day of the collision, indicating that Greyhound Lines, Inc. owns the bus in question, not Peter Pan. (Greyhound Mem. Opp'n Remand, Ex. B.) Similarly, Albert's highlights that the certificate of title associated with the bus in question lists Greyhound Lines, Inc. as the owner. (Albert's Aff. Opp'n Remand, Ex. J.) The plaintiff's reply brief does not respond to arguments regarding Peter Pan's status as a nominal defendant. Under these circumstances, Peter Pan has no interest in this litigation and its consent is unnecessary. *See Zerafa*, 403 F. Supp. 2d at 326-27 (declaring a defendant "nominal" because no evidence indicated that it owned the property in question).

## II. Albert's Timely Consent

Pursuant to 28 U.S.C. § 1446(b)(1), defendants must remove within 30 days after receiving "a copy of the initial pleading setting forth the claim for relief." Moreover, all co-defendants must join in a single notice of removal or each independently provide consent to

removal within the 30-day period allowed for removal. *See Pietrangelo v. Alvas Corp.,* 686 F.3d 62, 66 (2d Cir. 2012). Nevertheless, there are exceptions to this general rule. One such exception is Section 1446(b)(3)'s "supplemental material" exception, which applies where the initial pleadings on their face do not provide a basis for removal. In this circumstance, Section 1446(b)(3) extends the 30-day period to "30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." A supplemental pleading or other source will be sufficient to trigger the 30-day period for removal if a defendant can "intelligently ascertain" a jurisdictional basis from the face of the supplemental information provided. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001).

Moreover, where multiple defendants receive jurisdictional information at different times "and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). This is referred to as the "later-served defendant" exception, which provides an opportunity for removal to those defendants that receive jurisdictional information after their co-defendants even though their earlier-served co-defendants did not remove. *Pietrangelo*, 686 F.3d at 64-66.

The plaintiff argues that remand is required because Albert's did not provide timely consent to Greyhound's removal. The plaintiff urges that Albert's received service of the summons and complaint on August 16, 2014, such that Albert's should have provided consent to removal within 30 days (*i.e.*, by September 15, 2014). (Pl.'s Reply Mem. at ¶ 6.) Alternatively, the plaintiff argues that Albert's had notice as to the jurisdictional amount exceeding $75,000 by August 26, 2014, the date on which counsel for Albert's received a letter detailing the plaintiff's

medical bills. (*Id.* at ¶ 11.) Under this August 26, 2014 control date, the plaintiff argues that Albert's should have provided consent by September 25, 2014. Remand is thus required because Albert's did not provide consent until October 22, 2014, the date on which Albert's filed its own notice of removal.

As a preliminary matter, Albert's is correct that it did not receive notice as to the plaintiff's claims exceeding $75,000 until September 22, 2014. The plaintiff's complaint did not demand a dollar amount; rather, the plaintiff's complaint demanded only "those damages not recoverable through no-fault insurance." (Compl. at ¶ 73.) Moreover, at some time before August 22, 2014, Greyhound received an email from the plaintiff demanding $4,000,000; yet nothing suggests that Albert's received this email. (Notice of Removal at ¶ 10.) Indeed, the plaintiff points to only one piece of evidence that suggests a date before September 22, 2014 as the date on which Albert's received notice regarding the amount in controversy exceeding $75,000: a letter dated August 26, 2014. (Pl.'s Reply Mem. at ¶ 11.) Greyhound's "claims management agent" wrote this letter to Lancer Insurance, the insurer of defendant Albert's Transportation. (*Id.*, Ex. G.) The plaintiff stresses here that on August 26, 2014, counsel for Albert's also represented Lancer Insurance, such that a communication to Lancer is the same as a communication to Albert's. (Pl.'s Reply Mem., ¶ 12.) The August 26 letter asserts that the plaintiff's medical bills total $50,413.65. The plaintiff concludes that from this letter Albert's should have ascertained an amount in controversy exceeding $75,000.

The plaintiff is incorrect. The letter did not provide the amount of damages that the plaintiff sought. The plaintiff did not even write the August 26 letter. The letter merely stated that the plaintiff's medical bills equaled $50,413.65. This amount is below the jurisdictional amount of $75,000, requiring that Albert's make inferences in order to ascertain an amount in

7

controversy exceeding $75,000 (*e.g.*, that the plaintiff would seek compensatory damages beyond medical expenses). Albert's was not required to make any such inferences and the September 22, 2014 date controls. *See Whitaker*, 261 F.3d at 206. Indeed, the "removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co*, 624 F.3d 34, 37-38 (2d Cir. 2010). Again, the defendant must receive "explicit[] disclos[ure that] the plaintiff is seeking damages in excess of the federal jurisdictional amount." *Id.* (quoting *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000)). The August 26 letter did not provide explicit disclosure that the plaintiff sought damages exceeding $75,000 and for that reason alone cannot constitute sufficient notice as to removability for Albert's.

Albert's therefore did not obtain sufficient jurisdictional information until receiving the plaintiff's motion to remand on September 22, 2014. Indeed, before September 22, 2014, Albert's was unaware that Greyhound had removed. Accordingly, had Greyhound never removed, Albert's would have had 30 days from September 22, 2014 to file its own notice of removal (*i.e.*, by October 22, 2014). *See* 28 U.S.C. §§ 1446(b)(2)(C), 1446(b)(3). Thus, had Greyhound never removed, Albert's notice of removal dated October 22, 2014 would have been timely.

The wrinkle in this case exists because Greyhound filed a procedurally defective notice of removal on August 22, 2014. The notice was defective because it did not include the consent of Albert's, who had received service before August 22, 2014. *See* 28 U.S.C. § 1446(b)(2)(A). That is, even though Albert's had not received jurisdictional information sufficient for removal before August 22, 2014, it had received service of the initial summons and complaint. As parties properly served with the summons and complaint, the consent of Albert's was necessary for

Greyhound's removal on August 22, 2014. *Id.*; *see also Bedminster Fin. Grp., Ltd v. Umami Sustainable Seafood, Inc.*, No. 12-cv-5557, 2013 WL 1234958, at *5-10 (S.D.N.Y. March 26, 2013) (explaining how courts strictly enforce the "rule of unanimity"). In short, Greyhound should have communicated with Albert's and obtained consent from Albert's before removing. Greyhound did not do so, and for that reason its August 22, 2014 notice of removal is procedurally defective. *See Heller v. New York City Health and Hosps. Corp.*, No. 09-cv-6193, 2010 WL 481336, at *4 (S.D.N.Y. Feb. 1, 2010) (remanding because of failure to comply with rule of unanimity).

Notwithstanding this procedural defect, Greyhound's notice of removal functioned to remove the plaintiff's case entirely from state to federal court. *See* 28 U.S.C. §§ 1441(a), 1446(d). Albert's October 22, 2014 notice of removal was held to be a "nullity" by one of my colleagues because there was no case to "remove" on October 22, 2014, (*see* Judge Cogan Order, Albert's Aff. Opp'n Remand, Ex. H, at 1). Yet had Greyhound never filed its notice of removal, Albert's notice of removal would be proper.

While the statutory scheme does not appear to address this precise situation, a fair outcome requires that I deem removal proper. In enacting the later-served defendant exception in 28 U.S.C. § 1446(b)(2)(C), Congress intended to provide 30 days for removal to those later-served defendants receiving jurisdictional information after their earlier-served co-defendants, starting from the date on which the later-served defendant receives jurisdictionally sufficient information. *Pietrangelo*, 686 F.3d at 64-66. Here, Albert's is in essence a later-served defendant and should have 30 days for removal, starting from September 22, 2014, the date on which it received the plaintiff's motion to remand. In this sense, Albert's notice of removal on

October 22, 2014 was timely, and Greyhound's improper removal on August 22, 2014 should not foreclose Albert's from access to a federal forum. *Id.*

## CONCLUSION

The motion to remand is denied.

SO ORDERED.

Brooklyn, New York
December 31, 2014

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge